UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY FRANCO,

Plaintiff,

-against-

HYATT CORPORATION doing business as HYATT TIMES SQUARE,

Defendant.

1:24-CV-8740 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Anthony Franco, of Brooklyn, New York, who is appearing *pro se*, filed this action asserting claims under the court's federal question jurisdiction—purportedly claims of "constructive dismissal," "retaliatory discharge," and what appear to be claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). He sues what seems to be his former employer, the Hyatt Corporation, "doing business as Hyatt Times Square" ("Hyatt"). Plaintiff seeks damages, and asserts claims arising from an alleged "hostile working environment and wrongful dismissal. [His] injuries . . . [pertain to his] hip, left thigh, and back." (ECF 1:24-CV-8740, 1, at 4.) The Court construes Plaintiff's complaint as asserting claims of employment discrimination and retaliation under Title VII, claims of retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), and associated claims under state law.[1]

[1] The Court notes that Plaintiff has filed an application for the court to request *pro bono* counsel. (ECF 5.)

By order dated November 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action,"

which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Because Plaintiff's previous litigation in this court against Hyatt is relevant to the adjudication of this action, the Court will first summarize that litigation before summarizing the allegations in Plaintiff's present complaint.

### A. *Franco v. Hyatt Corp.*, 1:24-CV-1964 (LTS)

On March 14, 2024, Plaintiff filed his original complaint that initiated a *pro se* action in this court known as *Franco v. Hyatt Corp.*, 1:24-CV-1964 (LTS) ("*Franco I*"). In his *Franco I* original complaint, Plaintiff named Hyatt and Nicole Hall as defendants. (ECF 1:24-CV-1964, 1.) *Franco I* was assigned to the undersigned. In an Order dated April 29, 2024, the Court dismissed *Franco I* with leave to replead, holding that the court lacked subject matter jurisdiction to consider Plaintiff's claims. *Franco v. Hyatt Corp.*, No. 1:24-CV-1964 (LTS), 2024 WL 1890889 (S.D.N.Y. Apr. 29, 2024).

In response to that Order, Plaintiff filed an amended complaint in which he asserted claims of employment discrimination against Hyatt and Hall. (ECF 1:24-CV-1964, 6.) In an Order dated August 19, 2024, the Court construed Plaintiff's *Franco I* amended complaint as asserting claims of employment discrimination under Title VII. (ECF 1:24-CV-1964, 7.) In that Order, the Court noted that, in his *Franco I* original complaint, Plaintiff had alleged that he "was employed as a steward at Hyatt . . . [and] that his female supervisor 'isolated' him while he was taking out the garbage, which caused the garbage to overflow, knocking [him] down and causing injury to his hip, thigh, and back." (*Id.* at 1.) The Court also noted that "[a]lthough Plaintiff

mentioned 'sexual harassment,' the injuries for which he sought relief—pain in his hip, thigh, and back—appeared to be the result of the garbage falling onto him." (*Id.*) The Court further noted that, in his *Franco I* amended complaint, Plaintiff made "clear that he [was] attempting to assert claims under federal employment discrimination statutes that his employer discriminated against him on the basis of his sex by subjecting him to 'unsolicited sexual advances' and creating a 'hostile work environment.'"[2] (*Id.* at 2-3.) The Court observed that Plaintiff alleged, in his *Franco I* amended complaint, that:

> "unwanted sexual advance[s]" by Hall while he was working "caused the injury" to his hip and back. Hall "isolated [Plaintiff] while [he] was completing [his] duties which caused [him] to get injured." He allege[d] that he was "forced to resign" due to his injury. . . . Plaintiff's employment was terminated on January 29, 2014.

(*Id.* at 3 (second, third, and fourth alterations in original, citations omitted).)

In the Court's August 19, 2024 Order, the Court understood that, with respect to Plaintiff's *Franco I* Title VII claims: (1) the alleged discrimination occurred in 2013 and in 2014; (2) Plaintiff had not alleged that he had filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") or that, if he ever did, he did not file it within the requisite 300 days of the alleged discrimination (which should have been on a date in 2014 or in 2015); and (3) he had not commenced *Franco I* within 90 days of receiving a Notice of Right to Sue from the EEOC. (*Id.* at 4.) The Court noted that Plaintiff had commenced *Franco I* on March 14, 2024, and observed that, for the Title VII claims in *Franco I* to be timely, the EEOC would have had to have issued a Notice of Right to Sue after December 15, 2023. (*Id.*) Because the Court understood Plaintiff's *Franco I* Title VII claims to be time-barred, the Court

---

[2] The alleged incidents included in the *Franco I* amended complaint appear to have occurred between September 2013 and January 29, 2014, when Plaintiff was allegedly forced to resign. (ECF 1:24-CV-1964, 6, at 13-19.)

directed Plaintiff to show cause by declaration why the Court should not dismiss *Franco I* as time-barred. (*Id.* at 4-5.)

Plaintiff filed a declaration in response to the Court's August 19, 2024 Order. (ECF 1:24-CV-1964, 8.) In an Order dated October 2, 2024, the Court determined, however, that Plaintiff's *Franco I* Title VII claims were time-barred, and dismissed them for failure to state a claim on which relief may be granted. *Franco v. Hyatt Corp.*, No. 1:24-CV-1964 (LTS), 2024 WL 4372425, at *1 (S.D.N.Y. Oct. 2, 2024). The Court also declined to consider, under its supplemental jurisdiction, any claims under state law that Plaintiff may have been asserting in *Franco I*, and further denied him leave to replead his claims. *Id.* at *1-2. The Clerk of Court entered a Civil Judgment dismissing *Franco I*, for the reasons set forth in the Court's October 2, 2024 Order, one day later, on October 3, 2024. (ECF 1:24-CV-1964, 10.)

Plaintiff filed a notice of appeal on November 13, 2024. (ECF 1:24-CV-1964, 11.) On April 17, 2025, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal for lack of jurisdiction, because it was untimely. *Franco v. Hyatt Corp.*, No. 24-3008 (2d Cir. Apr. 17, 2025) (issued as a mandate on July 8, 2025).

**B. The present action**

On November 13, 2024—the same date on which Plaintiff filed his notice of appeal in *Franco I*—Plaintiff filed the complaint commencing the present action. In this complaint, Plaintiff names Hyatt as the sole defendant, and alleges the following in the complaint's statement of claim:

> [Plaintiff] was working at the Hyatt Times Square and was the first person assigned to work at the site. The work site was hostile from the beginning. [His] supervisor was harassing [him] and [he] reported it to HR. [Plaintiff] was told that they would look into it and [he] never received any news about it. The harassment went on for a period of time. [Plaintiff] got injured in December 28th, 2013. [He] ended up in the emergency room at Kings County Hospital for treatment. The doctor gave [him] two days sick leave. [Plaintiff] returned to work on January

> 2nd, 2014. She asked for my paperwork and [Plaintiff] told her, "It was given to Sheila's office." The supervisor continued her campaign to have [him] fired. [Plaintiff] was told, "Injury or no injury I will get you fired." HR gave [Plaintiff] an ultimatum. Either resign through [his] injury or [Plaintiff] will be fired.

(ECF 1:24-CV-8740, 1, at 4.) He also states, in his complaint for the present action, that the reason that he brings the present action "is because of the pain and suffering [he has] endured over the years[;] [t]he hostile working environment and wrongful dismissal. [His] injuries . . . are [to his] hip, left thigh, and back." (*Id.*) Plaintiff seeks $5,000,000 in damages; he "want[s] to be compensated for [his] injuries. . . [and] for [his] lost time." (*Id.*)

## DISCUSSION

### A. Claim preclusion

To the extent that Plaintiff asserts any claims under federal law, including any claims under Title VII or the FMLA, arising from his employment with Hyatt, before and including the termination of that employment on January 29, 2014, the doctrine of claim preclusion requires that the Court dismiss those claims. Under that doctrine, also known as "*res judicata*," a litigant may not bring a claim in a new civil action that was raised, or could have been raised, in an earlier civil action in which the same parties or their privies were involved, if the original claim resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising [claims] that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). If a litigant files a new civil action and "advances the same claim as an earlier suit between the same parties [or their privies], the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties [or their privies], regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown*, 442 U.S. at 131). Claims are treated as the same if

they "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees, Inc.*, 590 U.S. at 412 (citations and internal quotation marks omitted)).

Claim preclusion generally applies if: "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties [or their privies], (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation and internal quotation marks omitted). A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has [claim preclusion] effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). For the purposes of claim preclusion, "[a] judgment on appeal generally retains its preclusive effect." *Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 68 (2d Cir. 2012) (summary order); *see Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) ("[I]n the federal courts[,] the general rule has long been recognized that while [an] appeal with [a] proper [stay of enforcement] stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality." (footnote omitted)); *United States v. NYSCO Lab'ys, Inc.*, 318 F.2d 817 (2d Cir. 1963); *see also Miller v. United States*, 147 F.2d 372, 374 (2d Cir. 1945) ("An appeal does not affect the finality, it merely stays execution, of the judgment pending appeal.").

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see, e.g.*, *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, "whether the facts essential to the second [suit] were present in the first" suit, *NLRB v. United Techs.*

*Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of [claim preclusion] by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted). Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise that defense, *see, e.g.*, *Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023).

In the present action, Plaintiff appears to assert, against Hyatt, claims of employment discrimination and retaliation under Title VII that he did raise or could have raised in *Franco I*. He also raises claims of retaliation under the FMLA that he could have raised in *Franco I*. Like his claims in *Franco I*, all of his claims in the present action arise from alleged events that occurred while he was employed with Hyatt until that employment was terminated on January 29, 2014. His claims under Title VII in *Franco I* were dismissed for failure to state a claim on which relief may be granted and, therefore, were dismissed on the merits, for the purposes of claim preclusion. *Franco*, 2024 WL 4372425, at *1; (ECF 1:24-CV-1964, 10). The fact that Plaintiff commenced the present action—by filing the present complaint—on the same date that he commenced his appeal of the Court's dismissal of *Franco I*—by filing his notice of appeal in that action—is of no import; the Court's dismissal of *Franco I* was already final when Plaintiff commenced the present action. *See Huron Holding Corp.*, 312 U.S. at 189. Accordingly, the Court dismisses Plaintiff's claims under federal law raised in the present action, including his claims under Title VII and under the FMLA, under the doctrine of claim preclusion, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's IFP action,

which was dismissed as barred by claim preclusion (*res judicata*), was properly dismissed for failure to state a claim on which relief may be granted).

**B. Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C. Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint for the present action cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this Order. *See* 28 U.S.C. §§ 1367(c)(3), 1915(e)(2)(B)(ii).

The Court denies Plaintiff's application for the court to request *pro bono* counsel as moot. (ECF 1:25-CV-8740, 5.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action for the reasons set forth in this Order.

SO ORDERED.

Dated: November 24, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge