UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY FRANCO,

                    Plaintiff,

          -against-

HYATT CORPORATION doing business as
HYATT TIMES SQUARE,

                    Defendant.

1:24-CV-8740 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated November 24, 2025, and entered one day later, on November 25 2025, and by judgment dated and entered on November 26, 2025, the Court dismissed this *pro se* action. (ECF 6 & 7.) On December 18, 2025, Plaintiff filed a notice of appeal. (ECF 8.) On January 2, 2026, Plaintiff filed a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 9-11.)

For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP.

## DISCUSSION

### A.    Rule 4(a)(5) motion

A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A) ("Rule 4(a)(1)(A)"). The Clerk of Court entered the judgment dismissing this action on November 26, 2025. (ECF 7.) Thus, under Rule 4(a)(1)(A), Plaintiff had 30 days from that date, or until on or about December

26, 2025, to file a timely notice of appeal. Because Plaintiff filed his notice of appeal on December 18, 2025 (ECF 8), his notice of appeal is timely. Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.      IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its November 24, 2025 order, and its November 26, 2025 judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] Order [and judgment] would not be taken in good faith" (ECF 6, at 10; *see* ECF 7), denying IFP status for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's abovementioned order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP.

**CONCLUSION**

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 9), as unnecessary because his notice of appeal (ECF 8) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and his application for leave to appeal IFP. (ECF 10, 11.)

2

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 9, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

3